## THE STATE *v.* CLARK.

An indictment for fraudalently altering the assignment of a mortgage, stated that the assignment was duly executed and *recorded;* it appeared on trial that the assignment was not recorded; the statement that the assignment was recorded was held to be descriptive of the instrument, and the evidence was a variance from the indictment.

Evidence was admitted that the mortgagee and the person who drew the assignment, afterwards searched the registry for the record of an assignment, such as the indictment alleged was originally made, and could not find it; held that the admission of this evidence was ground to set aside a verdict returned against the defendant.

INDICTMENT for fraudalently altering the assignment of a mortgage. The indictment set forth the mortgage and also the assignment, as it was alleged to have been originally made from Miles Burnham to Noah Clark, the respondent; and alleged that the assignment was signed, sealed, delivered, witnessed by two witnesses and duly and legally recorded at length, in the registry of deeds of Rockingham county, on the 18th of September, 1844. It then alleged that this assignment was fraudalently altered on the 28th of June, 1844, by inserting the letter " *S*," in two places, between the words " *Noah*" and " *Clark*," so that the assignment originally made to Noah Clark, after the alteration, appeared as if it were made to *Noah S. Clark.*

On trial, the records of deeds were produced, and there was found a record of the assignment purporting to be made to *Noah S. Clark,* the record bearing date September 18, 1844, but there was no record of any assignment to Noah Clark. The respondent's counsel objected that this evidence did not support the allegations of the indictment. The forgery was alleged to have been committed on the 28th of June, 1844, and the court admitted evidence that Miles Burnham who executed the assignment, being applied to about the 30th of July, 1846, for a loan of money upon a mortgage of the same property, declined to make the loan, unless he was satisfied there was no mortgage or conveyance of the land by Noah Clark, and the person who

drew the assignment searched the records with Burnham, and found no such deed on record. This evidence was objected to, but was understood to be introductory to other material and pertinent evidence, and was therefore admitted; but no such other evidence, to which it was introductory, was offered.

The jury found a verdict of guilty, which the defendant moved to set aside.

*D. Clark*, for the respondent.

1. The allegation in the indictment that the assignment was recorded, is descriptive and must be strictly proved, though the description be unnecessarily minute and particular. Roscoe's Evidence, 101, 102 and 103; 3 Starkie's Ev., (Met. Ed.,) 1550; Gould's Pleadings, chap. 3, § 189; *U. S.* v. *Porter*, 3 Day, 283; *Puddington* v. *Sheaver*, 20 Pick., 477.

An assignment recorded, is a different instrument and a different thing from an assignment not recorded.

2. The testimony in regard to the examination of the records in 1846 was clearly inadmissible. It was admitted on the ground that other testimony was to be introduced, which would make it competent. If incompetent or impertinent evidence is admitted into the case in this way, it is calculated to mislead the court and jury, and the practice ought not to be encouraged. Though this testimony was to be considered as immaterial, it cannot be known what bearing it had on the result. · It was of a kind to prejudice the defence and may have turned the scale against the respondent; and in such cases the court exercise a discretion to grant a new trial. *Ellis* v. *Short*, 21 Pick., 242; *Commonwealth* v. *Bosworth*, 22 Pick., 397; *Deerfield* v. *Northwood*, 10 N. H. Rep., 269.

The cases in this State, *Wiggin* v. *Damrel*, 4 N. H. Rep., 69; *Jewett* v. *Stevens*, 6 N. H. Rep., 80; *Hamblett* v. *Hamblett*, 6 N. H. Rep., 333, are all consistent with this position.

Miles Burnham knew the respondent; and his searching for the record of a conveyance by the respondent, when he proposed to lend more money on the land, implied a distrust of the respondent, and the jury would infer that Burnham looked upon him as a dishonest man.

*Sullivan,* Attorney General, for the State.

The averment objected to may be struck out of the indictment and leave it sufficient to warrant a conviction; for the law did not require the assignment to be recorded. *Southerin* v. *Mendum,* 5 N. H. Rep., 420.

This averment, not being connected with other allegations, so that to erase it would affect the sense of the indictment, it may be stricken out as surplusage. 1 Chitty Cr. Law, 143; Star. Pl. and Ev., 274; 1 T. R., 332; East's Cr. Law, 785; 2 Hawkins, chap. 25, § 87; 2 Barn. & Adol., 161; Wharton's Cr. Law, 165; 1 T. R., 222; Starkie's Ev., 1533; 3 Taunton, 137; *Williamson* v. *Allison,* 2 East, 452; Archibald's Pl. and Ev., 130; Leach's Cr. Law, 536.

The statement that the assignment was recorded, is not descriptive. It is not descriptive of the land nor of the deed recorded. It is no more a description of an assignment, to say there is a copy in the recorder's office, than it could be of a man's person to say there was a portrait of him in the same office. An averment that a copy of the deed was on the records, was no more descriptive than an averment that there was a copy of it in the pocket of the foreman. 1 Gr. Ev., § 65; Archibold's Pl. and Ev., (5th Am. Ed.,) 130; *Commonwealth* v. *Cooley,* 10 Pick., 37; *People* v. *Small,* 9 Cowen, 783; *People* v. *Fitch,* 1 Wendell, 198.

The admission of immaterial evidence premises no ground for a new trial. *Hamblett* v. *Hamblett,* 6 N. H. Rep., 342; *Jewett* v. *Stevens,* 6 N. H. Rep., 80; *Clement* v. *Brooks,* 13 N. H. Rep., 96; *McLanahan* v. *Ins. Co.,* 1 Peters, 170.

The defendant is not entitled to a new trial as matter of right, even if the evidence admitted was not literally correct; it is matter in the discretion of the court, on a view of the whole case. 1 Peters, 170; 6 N. H. Rep., 343.

It is immaterial how the evidence came into the case, whether by a misconception of the rules of evidence, or by a mistaken impression of counsel that other pertinent and relevant matter could follow. The question still addresses itself to the discretion of the court — was the evidence admitted, of such a character that the furtherance of justice requires a new trial?

PERLEY, J. The indictment states that the original and genuine deed of assignment, which the respondent was charged with altering, was signed, sealed, witnessed by two witnesses, and duly and legally recorded in the registry of deeds of Rockingham county. The assignment to Noah Clark, produced in evidence, was not recorded. If the statement that the deed was recorded is to be taken as the separate allegation of a fact or circumstance in the case, it may be regarded as immaterial and rejected as surplusage. But if it is to be understood as part of the description of the instrument alleged to have been altered, the proof should correspond with that part of the description; otherwise it would not appear to be the same deed that is described in the indictment. Roscoe's Cr. Evidence, 93, 94.

It is said that the assignment would be sufficient without record. So the instrument, as the law is held in this State, would be sufficient to transfer the mortgage interest, though it were not acknowledged, witnessed, or even sealed; if it transferred the debt secured, it would carry with it the mortgage as an incident; still it would hardly be contended that these other statements of acknowledgement, witnessing and sealing were not descriptive of the deed and necessary to be proved as alleged.

The deed is described as a statutory conveyance, signed, sealed, witnessed, acknowledged, and recorded; and the recording of the deed must be regarded, as part of the description of such a conveyance. The other parts of the description are equally unnecessary to show that the deed was sufficient to transfer the mortgage; and it is not easy to perceive any substantial distinction, that can be taken for this purpose, between these different statements, which all go alike to constitute the description of a deed executed and recorded according to the statute; and though an assignment is operative to transfer the mortgage without registration, it is a proper and not unusual precaution to record such deeds.

It is the duty of the register to certify the record of the deed; and according to the course of the office, and immemorial usage, this certificate is put by the register on the deed itself, before .

it is delivered out of the office, and the certificate is evidence of the record. The deed would not be duly recorded, according to the practice universally established, unless the instrument itself bore the register's certificate of the fact.

We are not able to look upon this statement that the deed was duly recorded, as well as witnessed, and acknowledged according to the statute, in any other light than as part of the description of the deed and conveyance, which the defendant was charged with altering. We are, therefore, of opinion that the evidence on this point did not sustain the indictment.

The evidence of the acts and declarations of Miles Burnham was clearly incompetent. There is no principle, on which they could be admitted against the defendant. Were they so entirely immaterial that the court can say the verdict ought not to be disturbed on their account?

The respondent contends that proving that Miles Burnham, who made the assignment and knew the defendant, when he was about to make another loan on the security of the same land, searched the record to see if the defendant had made a conveyance of the land, had a tendency to show that Burnham would not trust the statement of the respondent, and therefore, must have looked upon him as a dishonest man : and that this would prejudice the defence.

There is another view of this evidence, which we think might give it an important bearing against the respondent. The deed produced was made, as it then stood, to Noah S. Clark. The government charged that it was originally made to Noah Clark. This was part of the case to be made out by the prosecution. Miles Burnham made the assignment, and the other person, who searched the records, drew it. They, therefore, must be supposed to have known whether the assignment was made to Noah Clark or Noah S. Clark. It does not appear that Noah Clark had any title in the land, unless he took it by assignment of this mortgage. Proving that Burnham and the other person searched for the record of the conveyance by Noah Clark, would leave it to be inferred that they understood and knew that the assignment was made to Noah Clark and not to Noah S. Clark ; which

would be in the nature of a declaration and statement by them, that the assignment was originally made as the State contended. We cannot regard this evidence as immaterial.

If the evidence had been, so far as the court could see, immaterial, still, if it had been such as would be likely to confuse the case and embarrass the defence, we think the court, especially in a criminal cause, would exercise a discretion to set aside the verdict. But looking upon this evidence as material, we are not called on in this case to exercise such a discretion.

*Verdict set aside.*